# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:16CR00041-006 |
| v. | ) | **OPINION** |
| | ) | |
| **TRACY ALLEN CALLIHAN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Dennis E. Jones, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion seeking relief under 28 U.S.C. § 2255 in which he contends that his trial counsel provided ineffective assistance by failing to note an appeal. I appointed counsel and held an evidentiary hearing, after which I took the § 2255 motion under advisement. I will now dismiss the § 2255 motion.

I.

Callihan was charged in Count One of the Indictment with conspiring to manufacture, distribute, and possess with the intent to distribute methamphetamine and oxycodone in violation of 21 U.S.C. § 841, and using a communication facility in committing a felony controlled substance offense in violation of 21 U.S.C. § 843(b). Count Two charged him with conspiracy to launder money in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), (h). After a seven-day trial, a jury found Callahan guilty of Counts One and Two. He was sentenced by this court on

April 17, 2018, to a term of 324 months imprisonment, consisting of 324 months on Count One and 240 months on Count Two, to be served concurrently. In his § 2255 motion, Callihan contends that his trial counsel was ineffective because he failed to note an appeal and did not adequately advise him about his right to appeal.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving grounds for a § 2255 motion by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must

satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

III.

I make the following findings of fact based on the evidence presented at the evidentiary hearing, based on my opportunity to assess the credibility of the witnesses.

At the conclusion of Callihan's sentencing hearing, I advised Callihan of his right to appeal and of the deadline for filing a notice of appeal. I told him, on the record, that the clerk would file an appeal on his behalf if requested and that he could apply for leave to appeal without prepayment if he could not afford the cost of filing an appeal.

Callihan concedes that he did not ask his counsel to file a notice of appeal. He also admits that when his attorney visited him in jail to review his presentence report, they never discussed an appeal. Callihan testified that after his sentencing, he expressed to his attorney some relief that he still had the possibility of appealing. His counsel, however, denies that Callihan mentioned anything about

an appeal following his sentencing, and Callihan has offered no evidence to corroborate his account. Based on the evidence presented and my opportunity to assess the witnesses' credibility, I find that Callihan and his counsel did not discuss an appeal following the sentencing hearing.

"[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal . . . ." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). When a defendant "neither instructs counsel to file an appeal nor asks that an appeal not be taken," I must first determine "whether counsel in fact consulted with the defendant about an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Consulting in this context requires "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If counsel consulted with his client about filing an appeal, his performance is unreasonable only if he failed to follow the client's clear instructions. If, however, he did not consult with his client, I must determine whether that failure to consult amounts to deficient performance. The defendant also must establish prejudice under *Strickland*, meaning he must show "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal

that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* "The defendant need not show that his appeal has merit." *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015).

I find that Callihan's trial counsel did not consult with him about an appeal. I further find, however, that this failure did not amount to deficient performance and did not prejudice Callihan. In *Flores-Ortega*, the Supreme Court held that

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

528 U.S. at 480. Callihan has not met his burden of establishing either scenario.

There were no nonfrivolous grounds for appeal in this case. Callihan has not suggested any grounds for appeal. One of Callihan's codefendants who was convicted following the same jury trial did appeal. In accordance with *Anders v. California*, 386 U.S. 738 (1967), the court of appeals "reviewed the entire record in this case and . . . found no meritorious issues for appeal." *United States v. Kayian*, 755 F. App'x 331, 332 (4th Cir. 2019) (unpublished).

Nor did Callihan's counsel have reason to think that Callihan was interested in appealing. Callihan admits that he did not discuss an appeal with his attorney when they met after his conviction and before his sentencing to review the

presentence investigation report. After he was sentenced, Callihan sent a number of emails to his attorney through his wife, and his wife contacted counsel by phone several times. These communications contained no mention of an appeal until many months after Callihan was sentenced, well after the window for filing a notice of appeal had closed. Callihan's attorney was justified in concluding that had Callihan wanted to file an appeal, he would have mentioned that desire before, during, or shortly after the sentencing hearing, during one of his many conversations with counsel. Callihan was well aware of his right to appeal, as I advised him of that right in open court immediately after I sentenced him.

Finally, even if the lack of consultation about an appeal had amounted to deficient performance, Callihan has not shown prejudice as required by *Strickland*. I find as a fact that if his attorney had consulted with him about an appeal, he would not have appealed in light of the lack of nonfrivolous grounds and the existence of a favorable post-conviction agreement with the government regarding forfeiture of his home.[1] Moreover, even if he had appealed, his appeal would not have been successful, as demonstrated by the Fourth Circuit's dismissal of his

---

[1] Prior to sentencing, Callihan and the government entered into a written Agreement Regarding Forfeiture, ECF No. 814, in which the government gave up its right to seek forfeiture of Callihan's residence, which forfeiture would have left his wife without a home, in lieu of payment by Callihan of $30,000. In the unlikely event that Callihan had been successful on appeal in obtaining a reversal of the judgment of conviction and been retried and again convicted, which, based on the government's evidence, would have been likely, that favorable agreement might not have been again available. In fact, the issue of forfeiture was an important reason that Callihan did not accept the government's offer of a plea agreement prior to trial.

codefendant's appeal following its review of the entire trial record.  Because he has not established that his trial counsel performed deficiently or that he was prejudiced by any deficient performance, Callihan has failed to show that he is entitled to any relief pursuant to § 2255.

IV.

For these reasons, the § 2255 motion will be dismissed.  A separate final order will be entered herewith.

DATED: September 13, 2019

/s/  James P. Jones
United States District Judge